# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DEBACCO,<br><br>        Plaintiff,<br><br>   v.<br><br>A. CALDERON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:04-cv-05282-OWW-SMS P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, CONSTRUED AS ONE FOR DISMISSAL, BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO EXHAUST<br><br>(Doc. 43) |

I.    Findings and Recommendations

    A.    Procedural History

Plaintiff James DeBacco ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed August 26, 2004, against defendant Hansen for retaliation and against defendant Calderon for retaliation under a theory of supervisory liability. (Docs. 12, 14, 15.) On August 7, 2006, defendants Hansen and Calderon ("defendants") filed a motion for summary judgment. (Docs. 43, 44.) Plaintiff filed an opposition on September 5, 2006.[1] (Docs. 46, 47.)

///
///

---

[1] Plaintiff was provided with notice of the requirements for opposing motions to dismiss for failure to exhaust and motions for summary judgment by the Court in an order filed on May 5, 2005. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (Doc. 19.)

1

B.   Exhaustion Motions

  1.   Modification of Scheduling Order

In their motion for summary judgment, defendants argue in part that this action is barred because plaintiff failed to exhaust the administrative grievance process prior to filing suit. Exhaustion motions are properly brought pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), and the Court's scheduling order filed on August 29, 2005, provided that the deadline for filing unenumerated Rule 12(b) motions was October 28, 2005. (Doc. 25.) The order clearly and unequivocally notified defendants that the pretrial dispositive motion deadline, which was set for June 30, 2006, did not apply to unenumerated Rule 12(b) motions and that such motions must be filed by the October 28, 2005, deadline.

The Court is concerned with and does not view with favor defendants' failure to acknowledge the deadline and seek leave to modify the scheduling order, and defendants' decision to cast their motion as one for summary judgment as to exhaustion. The unenumerated Rule 12(b) motion deadline set by this Court is binding and may not be arbitrarily disregarded by defendants. Although the Court is not going to do so in this instance, defendants are warned that their course of conduct could have exposed them to the imposition of sanctions.

On June 22, 2006, the United States Supreme Court issued a decision in Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006), reversing Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), and changing the law in this Circuit. Due to the issuance of Woodford, this Court sua sponte finds good cause to modify the scheduling order and consider defendants' motion, which shall be construed as an unenumerated Rule 12(b) motion.[2]

  2.   Legal Standard for Exhaustion Motions

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

---

[2] As set forth in footnote one, plaintiff was provided with notice of the requirements for opposing such a motion.

2

available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and requires prisoners to complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated,[3] Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," id. at 2382. Finally, exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///

///

---

[3] The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

3

C.   Discussion

Plaintiff alleges that during an initial unit classification committee meeting on January 11, 2002, at the California Correctional Institution in Tehachapi, defendant Hansen classified plaintiff as an "R" suffix inmate, which designates a sex offender. (Doc. 12, Amend. Comp., 10.) The bases for the claims in this action are that defendant Hansen added derogatory sex offense information to plaintiff's CDC-1286 chrono, dated October 22, 2002, in retaliation against plaintiff for filing an inmate appeal challenging the R suffix classification, and that defendant Calderon, after being notified of this event by plaintiff on December 13, 2002, failed to take any action. (Id., ¶¶25-28.) Thereafter, on February 6, 2003, defendant Hansen allegedly prepared a CDC-128B chrono in which he failed to provide correct information, and added incorrect and derogatory sex offense information, in retaliation against plaintiff for filing a complaint with defendant Calderon and for naming him in a petition for writ of habeas corpus. (Id., ¶¶35-37.)

In their motion, defendants present evidence that plaintiff's inmate appeal concerning his R suffix classification did not allege retaliation by either defendant, and that plaintiff did not file a grievance concerning either defendant between 2002 and February 2004. (Doc. 44-4, Sampson Dec., ¶4, 5.)

Plaintiff concedes that he did not file an inmate appeal concerning retaliation, and contends that he did not know defendant Hansen's actions could be considered retaliation. (Doc. 46, Stmt. of Facts, 7:13-14.) Plaintiff contends that he filed an appeal against Hansen on January 23, 2002, which was granted on February 19, 2002, at the first level of appeal. (Doc. 47, Opp., 5:25-27.) Plaintiff contends that even if he were to file a second appeal, he is barred from doing so and is prohibited from seeking further relief when an appeal has been granted. (Id.) Plaintiff contends that defendant Hansen refused to implement the relief he was granted in his appeal and plaintiff could not make Hansen do so, which left plaintiff without a way to redress the improprieties committed by Hansen. (Id., 6:17-22.) Plaintiff also contends that defendant Calderon was placed on notice regarding defendant Hansen's conduct by plaintiff, Kern County Superior Court, and the Office of Internal Affairs, and that defendant Calderon is now retired, rendering any administrative exhaustion moot. (Id., 6:26-7:6.)

4

Plaintiff's arguments do not demonstrate that the exhaustion requirement was satisfied. Plaintiff is required to exhaust the prison's grievance process with respect to his claims in this action. 42 U.S.C. § 1997e(a); Booth, 532 U.S. at 741. The retaliation claims at issue in this suit stem from actions defendant Hansen allegedly took on October 22, 2002, and on February 6, 2003, and from defendant Calderon's alleged failure to act when placed on notice on December 13, 2002. The inmate appeal referred to by plaintiff was submitted on January 23, 2002, in response to plaintiff's classification as an R suffix inmate. (Doc. 47, Exhibit 16.) Plaintiff's claims in this action are not based on the classification as an R suffix inmate on January 11, 2002, and the appeal grieving that act, which was filed approximately seven months *before* defendant Hansen allegedly first retaliated against plaintiff, does not satisfy the exhaustion requirement with respect to the claims in this action.

It is irrelevant that defendant Calderon is now retired or that plaintiff notified him of defendant Hansen's actions via letter or otherwise. Plaintiff is required to follow the applicable rules of the inmate appeal procedure, Woodford, 126 S.Ct. at 2386, which include submitting an appeal within fifteen days of the event, Cal. Code Regs., tit. 15 § 3084.5, and plaintiff's speculation regarding what might have occurred had he filed an appeal does not serve to excuse plaintiff from compliance. Plaintiff did not exhaust his retaliation claims against defendants Hansen and Calderon and they are entitled to dismissal of this suit as a result.

D. Conclusion

For the foregoing reasons, the Court finds that plaintiff did not exhaust the available administrative remedies concerning his claims against defendants Hansen and Calderon. Due to this finding, the Court does not reach the other arguments in defendants' motion.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Defendants' motion for summary judgment, construed as one for dismissal pursuant to the unenumerated portion of Rule 12(b) motion, filed August 7, 2006, be GRANTED; and

2. This action be dismissed in its entirety, without prejudice, based on plaintiff's failure to exhaust the available administrative remedies prior to filing suit.

///

1  These Findings and Recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3  **days** after being served with these Findings and Recommendations, the parties may file written
4  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  The parties are advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
7  1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 6, 2006**                   /s/ Sandra M. Snyder
icido3                                           UNITED STATES MAGISTRATE JUDGE